IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AMY SHARP,                          )
                                    )
            Plaintiff,              )
v.                                  )        Civil Action No. 3:14cv340–HEH
                                    )
CAROLYN W. COLVIN,                  )
Acting Commissioner of              )
Social Security Administration,     )
                                    )
            Defendant.              )

## MEMORANDUM OPINION

This is an action challenging the Social Security Administration's ("SSA") denial

of Disability Insurance Benefits ("DIB") to Plaintiff Amy Sharp ("Plaintiff"). The matter

is before the Court on the Report and Recommendation ("R&R") of the United States

Magistrate Judge (ECF No. 12) as to the parties' cross-motions for summary judgment

(ECF Nos. 9, 10), filed pursuant to 42 U.S.C. § 405(g). The R&R recommends that this

Court affirm the SSA's decision. Plaintiff filed objections to the R&R (ECF No. 13), and

the SSA responded (ECF No. 14). The Court dispenses with oral argument because it

would not materially aid the decisional process.

For the reasons set forth herein, Plaintiff's objections will be overruled and the

R&R will be adopted as the opinion of the Court. Accordingly, Defendant's Motion for

Summary Judgment (ECF No. 10) will be granted; Plaintiff's Motion for Summary

Judgment (ECF No. 8) will be denied; and the decision of the SSA will be affirmed.

# I. **BACKGROUND**[1]

Plaintiff is a 43-year-old high school graduate who also completed one year of college. (R. at 206.) She was last employed in 2008 as a payroll clerk for a construction company. (R. at 46.) Plaintiff was terminated from this position in 2008, but attempted to seek additional work. (R. at 47.) Plaintiff was also employed over time as an office assistant, insert operator, and payroll clerk. (R. at 46, 225.) Between 2004 and 2005, Plaintiff was diagnosed with fibromyalgia. (R. at 42.) Plaintiff also suffers from chronic pain associated with fibromyalgia as well as depression and obesity. (R. at 456.)

## A. **Plaintiff's Medical History**

Plaintiff has a history of fibromyalgia and related pain. (R. at 42.) Through medication and injections, she has been able to manage this pain to a significant extent. (R. at 331–350.) Exercise, heat, and ice also help to control Plaintiff's chronic pain. (R. at 440.) The severity of this pain has varied through the years, reaching peaks in June 2008 and October 2011. (R. at 337, 454.) Plaintiff has also undergone physical therapy, which indicated a good potential for rehabilitation. (R. at 440.) Plaintiff's treating physician, Dr. Charles Gibellato, repeatedly noted that medication and injections often reduced Plaintiff's pain by 80–90%. (R. at 322, 331, 395.) In May 2010, Plaintiff underwent an MRI of her lumbar spine that revealed only minor degenerative changes associated with her pain. (R. at 364–65.)

---

[1] The following facts are drawn from the administrative record, which has been filed under seal pursuant to E.D. Va. Local R. 5 and 7(C). In accordance with these Rules, this Court will endeavor to exclude any personal identifiers from its discussion, and will incorporate Plaintiff's medical information only to the extent necessary for proper analysis. The Court will reference the record using the following citation formation: (R. at [page number].).

Plaintiff also suffers from anxiety, for which she sought treatment from Dr. Jennifer E. Wartella, a psychiatrist. (R. at 428–31.) Dr. Wartella noted that although Plaintiff appeared depressed and anxious, she also tended to "catastrophize" her pain. (R. at 428.) Due to her fibromyalgia pain and anxiety, Dr. Gibellato concluded that Plaintiff is able to perform work, provided that: (1) the location she worked had a controlled climate; (2) her employer permitted Plaintiff flexibility of movement; and (3) the job lacked constant expectations. (R. at 483–84.) A physical therapy assessment on August 23, 2012, indicated that Plaintiff's lifting and walking abilities were consistent with sedentary work. (R. at 468–471.)

## B.   Procedural History

Plaintiff applied for DIB on March 19, 2010, alleging disability due to fibromyalgia, chronic fatigue, chronic lower back pain, and irritable bowel syndrome, with a September 12, 2008 onset date. (R. at 62.) The onset date was subsequently amended to July 29, 2010. (R. at 31.) The SSA denied her claim both initially on December 30, 2010, and upon reconsideration on May 25, 2011 (R. at 81–85, 93–99). On September 24, 2012, Plaintiff, represented by counsel, presented her claim to the ALJ, who determined on November 5, 2012 that Plaintiff was not entitled to DIB. (R. at 12–28, 31.) Thereafter, on March 12, 2014, the Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision. (R. at 1.)

On May 12, 2014, Plaintiff filed a Complaint in this Court, contesting the SSA's decision under 42 U.S.C. § 405(g). Plaintiff alleges that the ALJ erred in two respects by: (1) failing to articulate a reason for granting little weight to Dr. Gibellato's opinion,

and (2) finding Plaintiff's testimony not credible based upon less than substantial evidence. (Pl.'s Mem. Supp. Mot. for Summ. J., ECF No. 9, at 14, 17.) Both parties filed motions for summary judgment, which were referred to the Magistrate Judge for an R&R. Upon review, the Magistrate Judge concluded that substantial evidence supported the ALJ's decision to grant Dr. Gibellato's opinion little weight, and that the ALJ properly concluded Plaintiff's testimony was not credible.

## II. <u>STANDARD OF REVIEW</u>

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. *Id.* When reviewing the SSA's final decision regarding disability benefits, this Court "must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson*, 434 F.3d at 653. In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). If the SSA's decision is not supported by substantial evidence in the record, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## III. ANALYSIS

Plaintiff raises two objections to the R&R. This Court will therefore cabin its analysis to these issues. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a *de novo* determination of *those portions* of the report or *specified* proposed findings or recommendations to which objection is made.") (emphasis added) (citation and quotation marks omitted). Plaintiff contends that: (1) the R&R incorrectly states the issues involved in the underlying case, and (2) the ALJ's determination that Plaintiff's activities of daily living detract from her credibility is not supported by substantial evidence. (Pl.'s Objs. at 1, 4.) Because the Court finds that the Magistrate Judge correctly stated the issues of this case in his R&R and also finds that the credibility determination of the ALJ was supported by substantial evidence, the Court will adopt the R&R.

### A. The ALJ Did Not Err in Granting Reduced Weight to the Testimony of Dr. Gibellato

Plaintiff first contends that, by offering only "summary, conclusory reasons" for granting Dr. Gibellato's testimony less than controlling weight, the ALJ failed to properly apply the law. (Pl's Objs. at 1.) In his decision, the ALJ held that Dr. Gibellato was entitled to less than controlling weight because "the claimant's reported limitations are not supported by [Dr. Gibellato's] office notes, nor were they consistent with the residual functioning capacity rendered in this decision." (R. at 22.) Plaintiff's residual functioning capacity indicated that she was capable of performing sedentary work, including sitting for six hours and walking or standing for two hours in an eight hour day,

5

lifting and carrying five pounds often, and lifting and carrying ten pounds occasionally. (R. at 19–22.) Importantly, this assessment took into account Plaintiff's physical and employment related limitations. (R. at 19.)

The ALJ is required to adequately set forth the reasoning undertaken to reach her decision in order for there to be a "meaningful review" of that decision by this Court. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Additionally, the regulations set forth the criteria for determining whether to grant a treating physician's testimony controlling weight: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence* in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2) (emphasis added). The ALJ is under no obligation to abide by the opinion of a treating physician as to whether a claimant is legally disabled; that determination is reserved for the ALJ alone. *See* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

In making this determination, an ALJ need not delve specifically into minute details contained in the record: "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)); *see also Thompson v. Colvin*, 2014 WL 4792956, at *3 (W.D. Va. Sept. 25, 2014) ("[A] point-by-point articulation of each inconsistency [between the treating physician's

6

opinion and the record] is not required for the court to understand the ALJ's reasons for weight given the opinion.") (quotation marks omitted).

Dr. Gibellato opined that Plaintiff was capable of performing sedentary work, but would be unlikely to maintain a routine schedule. (R. at 506.) The ALJ was under no obligation to accept this opinion as legal fact, and he subsequently determined that Dr. Gibellato's testimony was inconsistent with "other substantial evidence" in the record. (R. at 22.) The ALJ determined that Dr. Gibellato's opinion that Plaintiff would be unlikely to maintain a routine schedule was not entitled to controlling weight because it was inconsistent with other substantial evidence, particularly the office notes he prepared in the course of treating the Plaintiff. The ALJ's decision provides this Court with an opportunity for "meaningful review." *Radford*, 734 F.3d at 296.

Contrary to Dr. Gibellato's opinion, the Court's review of Dr. Gibellato's office notes reveal that he consistently indicated Plaintiff was able to effectively manage the vast majority of her pain. (*See, e.g.*, R. at 300, 302, 393–96.) Dr. Gibellato's notes reflect that Plaintiff frequently reported between 70% to 90% pain reduction through pain medication, physical therapy, and injections, which conflicts with his determination that Plaintiff would be unable to maintain a routine work schedule. (*Id.*) Simply stated, Dr. Gibellato's numerous office notes which document Plaintiff's considerable reduction in pain after treatment provide ample basis for the ALJ to conclude that Dr. Gibellato's final opinion was entitled to less than controlling weight. Dr. Gibellato's opinion is all the more suspect in light of Plaintiff's treating psychiatrist finding that Plaintiff has a tendency to "catastrophize" her pain. (R. at 428.) That the ALJ did not himself

7

document each office notes' inconsistency with Dr. Gibellato's opinion does not inhibit this Court from conducting a meaningful review.[2] Where, as here, a treating physician's "opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight." *Thompson v.* Astrue, 442 F. App'x. 804, 808 (4th Cir. 2011) (quoting *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). Because the treating physician's testimony was inconsistent with other substantial evidence in the record, the ALJ properly granted it less than controlling weight. The Court agrees with the R&R that the ALJ's decision was not in error.

B. *The ALJ Properly Concluded that Plaintiff's Activities of Daily Living Detract from her Credibility*

Second, Plaintiff contends that the ALJ improperly considered evidence that she engages in "activities of daily living" to determine that her subjective complaints are out of proportion with, and do not support her objective medical records. (Pl.'s Objs. at 4.) In particular, she alleges that the ALJ examined only evidence showing she was capable of performing these everyday tasks, without delving into evidence that she performs these tasks only with difficulty, if at all. (*Id.*)

The ALJ did not, however, "select and discuss only that evidence that favors his ultimate conclusion." *Diaz v. Chater*, 453 F.3d 300, 307 (7th Cir. 1995). Rather, he simply drew a different conclusion from the evidence than Plaintiff would have liked. Indeed, the ALJ noted that Plaintiff engaged in activities of daily living "with some

---

[2] Plaintiff's argument that "nobody knows exactly what the ALJ had in mind when he referred to unspecified office notes," is completely contradictory to Plaintiff's concession that the Magistrate Judge looked to those office notes, noted numerous inconsistencies with Dr. Gibellato's opinion, and agreed that these notes justified giving Dr. Gibellato's opinion less than controlling weight. (Pl.'s Objs. at 3.) This Court similarly finds such inconsistencies.

difficulty." (R. at 21.) The ALJ did not conclude from this difficulty that Plaintiff was entirely disabled, but rather that she would necessitate certain workplace accommodations such as the ability to change positions once an hour, an avoidance of stressful production quotas, and limits on standing or walking in any given day. (R. at 19.) Evidence of Plaintiff's fibromyalgia pain was not ignored, but was factored into the ALJ's ultimate determination that Plaintiff could perform sedentary work subject to some restrictions.[3] That Plaintiff favors a different conclusion from this evidence does not compel that result.

Additionally, the ALJ relied on more than just evidence of Plaintiff's activities of daily living in reaching his conclusion. Although Plaintiff performance varies "depending on pain level" (R. at 216), Dr. Gibellato's treatment notes indicate her pain is usually under a significant degree of control. (*See, e.g.*, R. at 300.) The record also contains evidence from Plaintiff's treating psychiatrist who found that Plaintiff has a tendency to "catastrophize" her pain. (R. at 428.)

This Court must give great deference to the ALJ's credibility determinations. *Eldeco, Inc. v. N.L.R.B.*, 132 F.3d 1007, 1011 (4th Cir. 1997). In the Fourth Circuit, "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" *Id.* (quoting *N.L.R.B. v. Air*

---

[3] The Fourth Circuit's recent decision in *Mascio v. Colvin*, No. 13-2088, 2015 WL 1219530 (4th Cir. Mar. 18, 2015) supports the Court's conclusion. Although it is clear that ALJ should not have undertaken the boilerplate language that "claimant's statements concerning the .... effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," that error was harmless. *Id.* at *5–*6. Unlike the ALJ in *Mascio*, the ALJ here clearly considered Plaintiff's limitations, and developed a wholesome record on how those limitations conflicted with the objective medical evidence. (R. at 21.) Stated another way, the ALJ "compared [Plaintiff's] alleged functional limitations from pain to the other evidence in the record, not [simply] to [Plaintiff's] residual functional capacity." *Id.*

*Prods. & Chems., Inc.*, 717 F.2d 141, 145 (4th Cir. 1983)).  Plaintiff has not alleged any

such "exceptional circumstances" in this case.  Instead, she would have the Court

reweigh the evidence because she does not favor the ALJ's conclusion.  Since substantial

evidence supported the ALJ's determination of credibility and because of the deference

due to such a determination, the Court finds Plaintiff's objections unpersuasive.  The

Court therefore concurs with the R&R and finds that the ALJ properly weighed the

credibility of Plaintiff's testimony.

## IV. CONCLUSION

Substantial evidence supports the ALJ's factual findings were fully supported by

the record and were reached through application of the correct legal standard.

Accordingly, this Court adopt the Magistrate Judge's R&R.  Plaintiff's Motion for

Summary Judgment is denied and Defendant's Motion for Summary Judgment is granted.

The final decision of the SSA will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

                                                            /s/
                                            Henry E. Hudson
                                            United States District Judge

Date: April 1, 2015
Richmond, Virginia

10